BENJAMIN B. WAGNER
United States Attorney
WILLIAM S. WONG
TODD D. LERAS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. S-10-119 GEB |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION FOR ISSUANCE OF A RULE |
| v. | ) 17(c) SUBPOENA |
| | ) |
| REGINALD DONNEL BOWSER, | ) |
| | ) |
| Defendant. | ) |

This matter came before the Honorable Edmund F. Brennan, United States Magistrate Judge, on March 8, 2011, for hearing on Defendant's motion for issuance of a subpoena pursuant to Federal Rule of Criminal Procedure 17(c).  Plaintiff United States of America was represented by Todd D. Leras, Assistant United States Attorney, standing in for Assistant United States Attorney William S. Wong.  Defendant appeared with his counsel, Philip A. Schnayerson.  Following argument by the parties, the Court denied defendant's motion.

1

Defendant is charged by indictment with being a Felon in Possession of Firearms in violation of Title 18, United States Code, Section 922(g)(1). Defendant's motion requested issuance of a subpoena to the Oakland Police Department for unredacted versions of sealed affidavits in support of arrest warrants issued for defendant and another individual (Marcus Jones) for a homicide in violation of California Penal Code Section 187(a). Police officers discovered the firearms at issue in this case during execution of the homicide arrest warrant and an ensuing search warrant at a residence believed to be defendant's home.

This case is currently set for a status conference before United States District Court Judge Garland E. Burrell on March 11, 2011. No evidentiary hearing or trial has yet been set. Defendant's subpoena is expressly for the purpose of obtaining documents to determine whether to challenge the credibility of the affiant who requested the homicide arrest warrant for defendant. Defendant's theory is that the affiant may have concealed or failed to disclose circumstances relating to the Alameda County District Attorney's decision not to charge Marcus Jones with homicide. Defendant argues that affiant's non-disclosure may have dissipated the probable cause supporting the homicide arrest warrant as to him. Obtaining the unredacted affidavits, according to defendant, is a necessary pre-requisite to a motion challenging the validity of the arrest warrant.

A subpoena issued pursuant to Federal Rule of Criminal Procedure 17(c)(1) may order a "witness to produce any books, papers, documents, data or other objects the subpoena designates . . . before the trial or before they are to be offered into

2

evidence." A Rule 17(c) subpoena "is not intended to serve as a discovery tool." United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981). The requesting party must establish relevance, admissibility and specificity as to the information requested. United States v. Nixon, 418 U.S. 683, 688 (1970). Impeachment evidence is neither relevant nor admissible until a witness testifies. United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981). In the absence of an evidentiary hearing challenging the credibility of the affiant, defendant fails to meet the burden necessary to support issuance of a subpoena pursuant to Rule 17(c). Defendant's motion is therefore denied.

IT IS SO ORDERED.

DATED: March 9, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE